294 P.2d 791

**John KITT, Plaintiff and Appellant,**

v.

**John Maynard KITT and Mable Shields Kitt, his wife, and James Bert Kitt and Dorothy C. Kitt, his wife, Defendants and Respondents.**

**No. 8317.**

Supreme Court of Utah.

March 16, 1956.

McBroom & Hanni, Salt Lake City, for appellant.

John L. Black, Alonzo W. Watson, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment imposing a resulting trust on land acquired in the name of appellant father from the State in 1939 for $3,500, in favor of respondent sons. Affirmed, with costs to respondents.

Counsel for appellant earnestly urges that 1) respondents did not contribute enough to the purchase price as would justify a resulting trust in their favor, that 2) respondents' evidence was indefinite and conflicting as to negate such a trust, and 3) that anyway, any claim that respondents asserted was barred by a) the statute of frauds and b) the statute of limitations.

■ ■ There appears to be sufficient clear and convincing evidence in the lengthy record which, if believed by the lower court, would justify a declaration of trust in favor of respondents and the conclusion that neither of the defensive statutes mentioned would apply.[1] A few significant facts such as the preparation of the bid by the boys, negotiation by one of them with the State, contributions by each to some of the installments, sale of soil, berries, part of the land and rentals, the proceeds of which were or could have been used in paying the installments, the drawing of and discussing of a map proposing a division of the property, correspondence with one of the boys by the father and the other boy in 1945 referring to contemplated building on the property, which fairly and reasonably pointed to an intention on the part of all to make a division of the property, the actual deeding of 20 acres by the father to one of the sons in 1946, without any apparent consideration save either paternal affection (which hardly seems likely in the light of the father's epithets directed at his filial grantee), or as the first step in a planned division of the property, all suggest a fabric whose pattern reasonably could not be said to have been woven without clarity of design or firmness of color.

Unfortunately,—mostly for the family involved here,—this case is not without apparent deliberate misstatement of fact, and some profanity. We do not consider it necessary to guess who committed the one or who indulged in the other. Both sides cannot be right where one says almost every material fact is such and such and the other says it is the antithesis. Other than the facts pointed out above, we do not deem it necessary to dignify contradiction by detailing some of the other facts which reflect only a belligerency among members of a family that appeared to be happy and affectionate before the purchase of this land, and which reflect charge and counter-charge implying that one member believes the other has little or no intimacy with the truth,—all over a piece of property whose price was but $3,500. Appearing to have little interest to persons other than the members of this family, we are confident that not detailing the facts further will represent a service rendered to the progeny of the parties and their equally militant in-laws.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

---

[1] In so holding we are not unmindful of the correctness of appellant's cited authorities, to the effect that in establishing a resulting trust the evidence must be clear and convincing, Chambers v. Emery, 13 Utah 374, 45 P. 192; that the contribution made by an asserting cestui que trust must be on the purchase, Vol. 2A Bogert, Trust & Trustees, Sec. 455, p. 444; must be definite, Shelby v. Shelby, 357 Mo. 557, 209 S.W.2d 896; and not to a general multi-purpose fund, Hille v. Barnes, 399 Ill. 252, 77 N.E.2d 809.